## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL SMITH, personal
represenative of the estate of
MARY ANN SMITH,

                Plaintiffs,

vs.                                   Civil Action No.

UNITED STATES OF AMERICA,
SCOTT D. MARLOWE, M.D.,
MOHAMMAD N. DOWLUT, M.D.,
ROBERT SCOTT, M.D.,
ANNASHAE CORPORATION, and
MERCY MEDICAL IMAGING
ASSOCIATES, P.C.

                Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Daniel Smith as Personal Representative of the

Estate of Mary Ann Smith, by and through counsel, Victor H. Pribanic, Esquire, Sherie

Painter Cannin, Esquire, Robert A. Bracken, Esquire and the law firm of Pribanic &

Pribanic, LLC and files the following Complaint and in support thereof avers as follows:

## PARTIES

1.     Plaintiff, DANIEL SMITH, is a citizen of the Commonwealth of

Pennsylvania and currently resides at 115 Wilt Lane, P.O. Box 931, Duncansville, PA

16635. Mr. Smith is the personal representative of the Estate of Mary Ann Smith and

was her husband at the time of her death.

2.     Defendant, UNITED STATES OF AMERICA, through the Department of

Veterans Affairs, which, upon information and belief, is an agency of the United States

Government, operates the James E. Van Zandt Veterans Administration Medical Center
at 2907 Pleasant Valley Boulevard, Altoona, Pennsylvania 16602, a hospital that provides
medical services to armed services veterans of the United States. At all times relevant,
the medical personnel that provided medical services to Mary Ann Smith, including but
not limited to Scott D. Marlowe, M.D., Mohammad N. Dowlut, M.D., and Robert D.
Scott, M.D., were employees of the United States as, upon information and belief, the
United States had authority to control the physical performance of their job duties and
these physicians were acting within the scope of their employment with the United States.

      3.      Defendant, SCOTT D. MARLOWE, M.D., upon information and belief, is
an employee of the United States of America and Mercy Medical Imaging Associates,
P.C. and provided medical services to armed services veterans of the United States at the
James E. Van Zandt Veterans Administration Medical Center at the time of the incidents
set forth in this complaint.

      4.      Defendant, MOHAMMAD N. DOWLUT, M.D., upon information and
belief, is an employee of the United States of America and Annashae Corporation and
provided medical services to armed services veterans of the United States at the James E.
Van Zandt Veterans Administration Medical Center at the time of the incidents set forth
in this complaint.

      5.      Defendant, ROBERT SCOTT, M.D., upon information and belief, is an
employee of the United States of America and Annashae Corporation and provided
medical services to armed services veterans of the United States at the James E. Van
Zandt Veterans Administration Medical Center at the time of the incident set forth in this
complaint.

6.     Defendant, ANNASHAE CORPORATION, located at 673 Alpha Drive, Suite C, Cleveland, Ohio 44143, upon information and belief, through a contractual arrangement with the United States, provided Medical Officer of the Day services to the James E. Van Zandt Veterans Administration Medical Center and employed Defendants Mohammed N. Dowlut, M.D. and Robert Scott, M.D.  At all times relevant, Dr. Dowlut and Dr. Scott were acting within the scope of their employment with Annashae Corporation.

7.     Defendant, MERCY MEDICAL IMAGING ASSOCIATES, P.C., located at Altoona Regional Health System, Bon Secours Hospital Campus, 2500 7th Avenue, Altoona, PA  16602, upon information and belief, through a contractual arrangement with the United States, provided medical imaging services to the James E. Van Zandt Veterans Administration Medical Center and employed Defendant Scott D. Marlowe, M.D.  At all times relevant, Dr. Marlowe was acting within the scope of his employment with Mercy Medical Imaging Associates, P.C.

## JURISDICTION

8.     This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(1) in that this claim involves a civil action on a claim against the United States for money damages accruing after January 1, 1945 for personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred, and this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9.      Venue is appropriate in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1402(b) in that the act or omission complained of occurred in this district.

## PROCEDURAL BACKGROUND

10.     Pursuant to 28 U.S.C. § 2675 an administrative claim was presented to the Department of Veterans Affairs on March 2, 2009.

11.     Although more than six (6) months have passed since filing the administrative claim, the Department of Veteran's Affairs has not responded.

12.     Plaintiff deems the Department of Veterans Affairs failure to respond within six (6) months to be a final denial of this claim for purposes of 28 U.S.C. § 2675(a).

## FACTS

13.     On May 19, 2008, at approximately 4:30 p.m., Mary Ann Smith, a forty-two (42) year female, presented to the James E. Van Zandt Veteran's Administration Medical Center ("VA Hospital").

14.     Mrs. Smith complained that earlier in the day, around 5:30 a.m., she developed a "pulsating pressure that went from [her] neck to the top of her head" and thereafter, suffered a syncopal episode.  Upon awakening, she developed vomiting, diarrhea, nausea and a severe headache.

15.     Mrs. Smith was evaluated by Mohammed N. Dowlut, M.D. at the VA Hospital.

16.     Dr. Dowlut was informed of the above described complaints and he made the following assessment:  "syncopy eyiology? [sic]," "migraine headache," and "arthalgia neck, chronic."

17.     Dr. Dowlut's plan for the treatment of Mrs. Smith's care was that she would undergo a CT scan of the head and a cervical spine x-ray the following day, May 20, 2009.

18.     The complaints made by Mrs. Smith, however, were all classic symptoms of a subarachnoid hemorrhage, yet Dr. Dowlut did not even consider this serious problem in his assessment.

19.     Further, he ordered no diagnostic testing until the following day despite classic symptoms of a serious and deadly medical condition.

20.     Despite Mrs. Smith questioning medical providers on May 19, 2008 as to whether she was suffering from a "brain aneurysm", no action was taken.

21.     Rather, her complaints were dismissed as merely being a back or neck problem.

22.     On May 20, 2008, Mrs. Smith returned to the VA Hospital to undergo the scheduled diagnostic testing.

23.     Dr. Scott D. Marlowe interpreted the CT scan performed on May 20, 2009 to be an "unremarkable study."

24.     This CT scan, however, demonstrated findings suspicious for subarachnoid hemorrhage as evidence of blood around the brain was revealed in this image.

25.     Such findings were not made, documented or commented upon by Dr. Marlowe.

26.     Upon receiving the "unremarkable" interpretation of the CT scan, no further examinations were ordered.

27.    Approximately 10% to 15% of the time, however, CT scans come back negative in these situations.

28.    Thus, a lumbar puncture is necessary to rule in or rule out subarachnoid hemorrhage.

29.    A lumbar puncture was not performed on Mrs. Smith.

30.    An x-ray of Mrs. Smith's cervical spine was also performed on May 20, 2008.

31.    This x-ray was interpreted as revealing a loss of the lordosis of her cervical spine.

32.    This finding demonstrated that Mrs. Smith was suffering from nuchal rigidity, a known sign of a subarachnoid hemorrhage.

33.    Again, no further testing was performed on May 20; rather, Mrs. Smith was discharged with a prescription for physical therapy.

34.    On May 26, 2008, Mrs. Smith returned to the Emergency Room at the VA Hospital and was evaluated by Dr. Robert Scott.

35.    Mrs. Smith complained of tailbone pain, neck spasms, a throbbing in her ears and head, and stiffness in her back

36.    Specifically, a progress report notes: "Neck-unable to flex her neck due to pain, minimal extension, turning to the right really increases her pain."

37.    These symptoms, again, demonstrated nuchal rigidity which is a hallmark of subarachanoid hemorrhage.

38.    Upon consideration of these symptoms, Dr. Scott merely prescribed Mrs. Smith pain medications and discharged her.

39.     Dr. Scott neither performed nor ordered any neurological examinations or diagnostic testing.

40.     On May 31, Mrs. Smith visited Mainline Medical in Cresson, Pennsylvania where she was examined by a physician's assistant and was diagnosed with sinusitis.

41.     It was also noted at Mainline Medical that Mrs. Smith was being worked up by the VA Medical Center and was awaiting an EEG.

42.     On June 1, Mrs. Smith began experiencing nausea and vomiting.

43.     Her husband, Daniel Smith, called 911 and Mrs. Smith was transported via ambulance to Bon Secours Medical Center with nausea, vomiting, and head and neck pain.

44.     A CT scan of Mrs. Smith's head was performed on June 1, 2008 at Bon Secours and the interpreting phsycian concluded:

> Large right anterior frontal lobe parenchymal hematoma with intraventricular hemorrhage as described above. Surrounding edema in the right frontal lobe is causing mass effect with right-to-left shift of the anterior midline structures.  Minimal amounts of subarachnoid hemorrhage are noted as described above.

45.     Mrs. Smith was then transferred to UPMC Presbyterian where, as a result of her advanced state, her condition worsened until she died on June 4, 2008.

### COUNT I - WRONGFUL DEATH

### DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. UNITED STATES OF AMERICA

46.     Plaintiff incorporates by reference Paragraphs 1 through 43 of the Complaint as though fully set forth herein and in support thereof further avers that:

47. Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, brings this count on his own behalf and on behalf of all other persons entitled to recover damages for the wrongful death of Mary Ann Smith pursuant to the provisions of 42 Pa.C.S. § 8301.

48. The following persons are or may be entitled by law to recover for the wrongful death of Mary Ann Smith:

        (a)    Daniel Smith (husband) who resides at 115 Wilt Lane, P.O. Box 931, Duncansville, PA 16635;

        (b)    Brandon McClain (son) who resides at Holy Angels, 6600 Wilkinson Boulevard, Belmont, NC 28012;

49. Although Brandon McClain was an adult at the time of Mrs. Smith's passing, he was totally dependant upon his mother. As a result of her death, he had to be institutionalized.

50. During her lifetime, Mary Ann Smith did not commence any action to recover damages for the injuries which caused her death and no other actions have been filed to recover damages for the wrongful death of Mary Ann Smith.

51. This Count is predicated on *respondeat superior* liability in this Defendant's role as the employer of Scott D. Marlowe, M.D., Mohammad N. Dowlut, M.D., Robert D. Scott, M.D. as well as of any and all other agents of Defendant found to have been professionally negligent in their treatment of Mary Ann Smith.

52. More specifically, this Count is brought pursuant to 28 U.S.C. § 1346(b) which makes the United States liable for the personal injury caused by its employees while acting within the scope of their employment with the United States.

53. At all relevant times, the care and treatment provided by Dr. Marlowe, Dr. Dowlut, Dr. Scott and any and all other medical practitioners who provided care to Mary Ann Smith, was intimately associated with the Defendant such that this Defendant is liable for the actions and inactions of these medical practitioners.

54. Mary Ann Smith, as a direct and proximate cause of the care and treatment or lack thereof rendered by Defendant United States of America experienced an increased risk of injury and ultimately suffered a premature death as set forth herein.

55. Defendant United States of America, by virtue of the acts and/or omissions of its employees as set forth herein was careless, reckless and negligent in failing to provide a reasonable and adequate standard of medical care to the decedent and was further negligent as set forth above and in any or all of the following particulars:

(a) in failing to rule out subarachnoid hemorrhage;

(b) in failing to appreciate or recognize the symptoms presented by Mary Ann Smith;

(c) in failing to order an immediate CT scan of Mary Ann Smith's brain on May 19, 2008;

(d) in failing to order a lumbar puncture;

(e) in failing to timely diagnose subarachnoid hemorrhage;

(f) in failing to timely perform or obtain the necessary diagnostic tests and neurological examinations;

(g) in misinterpreting and misreading the May 20, 2008 CT scan of Mary Ann Smith;

(h) in failing to comment on or recognize the evidence or abnormalities demonstrated on the May 20, 2008 CT scan of Mary Ann Smith;

(i) in failing to appreciate the findings of the May 20, 2008 cervical spine x-ray of Mary Ann Smith; and

          (j)     in otherwise failing to use due care and caution under the circumstances.

56.     Mary Ann Smith's death was a direct and proximate result of the acts

and/or omissions of Defendant.

57.     The persons entitled by law to recover damages for Mary Ann Smith's

death have sustained the following damages:

          (a)     the cost of medical treatment, services, supplies, hospitalization, and all other medical costs incident to the treatment and subsequent death of Mary Ann Smith;

          (b)     the cost of funeral and burial expenses occasioned by the death of Mary Ann Smith;

          (c)     loss of the value of the services, assistance, comfort guidance, counseling, companionship, and society of Mary Ann Smith, past and future;

          (d)     loss of financial support and all pecuniary benefits which would have been contributed by decedent to the support of his family to the end of his life expectancy;

          (e)     the expenses of the administration of the Estate of Mary Ann Smith; and

          (f)     such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of

Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional

limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann

Smith's wrongful death and $2.5 million for her personal injury.

## COUNT II - SURVIVAL

## DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. UNITED STATES OF AMERICA

58.     Plaintiff incorporates by reference Paragraphs 1 through 54 of the

Complaint as though fully set forth herein and in support thereof further avers that:

59.     As a direct and proximate result of the previously described negligent

conduct of the Defendant, Plaintiff, Daniel Smith, Personal Representative of the Estate

of Mary Ann Smith, seeks damages for which Defendant is liable pursuant to the

provisions of 42 Pa. C.S. § 8302 which include:

(a)     the pain and suffering of Mary Ann Smith from the time she first presented to the VA Hospital on May 19, 2008 up to and including the time of her death;

(b)     decedent's loss of earnings and/or earning potential during the balance of her life expectancy calculated from the date of her death and also loss of earnings between May 19, 2008 and the time of her death;

(c)     hospital, surgical, and medical/pharmacy expenses incurred on her behalf; and

(d)     such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of

Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional

limits.  More specifically, Plaintiff has made a claim for $30 million for Mary Ann

Smith's wrongful death and $2.5 million for her personal injury.

## COUNT III - WRONGFUL DEATH

### DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. SCOTT D. MARLOWE, M.D.

60.     Plaintiff incorporates by reference Paragraphs 1 through 56 of the Complaint as though fully set forth herein and in support thereof further avers that:

61.     Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, brings this count on his own behalf and on behalf of all other persons entitled to recover damages for the wrongful death of Mary Ann Smith pursuant to the provisions of 42 Pa.C.S. § 8301.

62.     The following persons are or may be entitled by law to recover for the wrongful death of Mary Ann Smith:

        (a)    Daniel Smith (husband) who resides at 115 Wilt Lane, P.O. Box 931, Duncansville, PA 16635;

        (b)    Brandon McClain (son) who resides at Holy Angels, 6600 Wilkinson Boulevard, Belmont, NC 28012;

63.     Although Brandon McClain was an adult at the time of Mrs. Smith's passing, he was totally dependant upon his mother. As a result of her death, he had to be institutionalized.

64.     During her lifetime, Mary Ann Smith did not commence any action to recover damages for the injuries which caused her death and no other actions have been filed to recover damages for the wrongful death of Mary Ann Smith.

65.     Defendant, at all relevant times was acting as an agent or employee of, and acting within the course and scope of his employment with Defendant United States of

America and Mercy Medical Imaging Associates, P.C., as well as in his own right as a

medical practicioner.

66. Mary Ann Smith, as a direct and proximate cause of the care and treatment

or lack thereof rendered by Defendant experienced an increased risk of injury and

ultimately suffered a premature death as set forth herein.

67. Defendant, by virtue of the acts and/or omissions as set forth herein was

careless, reckless and negligent in failing to provide a reasonable and adequate standard

of medical care to the decedent and was further negligent as set forth above and in any or

all of the following particulars:

(a)     in failing to timely diagnose subarachanoid hemorrhage;

(b)     in misinterpreting and misreading the May 20, 2008 CT scan of
        Mary Ann Smith;

(c)     in failing to comment on or recognize the evidence or
        abnormalities demonstrated on the May 20, 2008 CT scan of Mary
        Ann Smith; and

(d)     in otherwise failing to use due care and caution under the
        circumstances.

68. Mary Ann Smith's death was a direct and proximate result of the acts

and/or omissions of Defendant.

69. The persons entitled by law to recover damages for Mary Ann Smith's

death have sustained the following damages:

(a)     the cost of medical treatment, services, supplies, hospitalization,
        and all other medical costs incident to the treatment and
        subsequent death of Mary Ann Smith;

(b)     the cost of funeral and burial expenses occasioned by the death of
        Mary Ann Smith;

     (c)     loss of the value of the services, assistance, comfort guidance, counseling, companionship, and society of Mary Ann Smith, past and future;

     (d)     loss of financial support and all pecuniary benefits which would have been contributed by decedent to the support of his family to the end of his life expectancy;

     (e)     the expenses of the administration of the Estate of Mary Ann Smith; and

     (f)     such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann Smith's wrongful death and $2.5 million for her personal injury.

## COUNT IV - SURVIVAL

## DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. SCOTT D. MARLOWE, M.D.

70.     Plaintiff incorporates by reference Paragraphs 1 through 65 of the Complaint as though fully set forth herein and in support thereof further avers that:

71.     As a direct and proximate result of the previously described negligent conduct of the Defendant, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, seeks damages for which Defendant is liable pursuant to the provisions of 42 Pa. C.S. § 8302 which include:

     (a)     the pain and suffering of Mary Ann Smith from the time she first presented to the VA Hospital on May 19, 2008 up to and including the time of her death;

     (b)     decedent's loss of earnings and/or earning potential during the balance of her life expectancy calculated from the date of her death and also loss of earnings between May 19, 2008 and the time of her death;

(c)    hospital, surgical, and medical/pharmacy expenses incurred on her behalf; and

(d)    such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann Smith's wrongful death and $2.5 million for her personal injury.

## COUNT V - WRONGFUL DEATH

### DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. MOHAMMAD N. DOWLUT, M.D.

72.    Plaintiff incorporates by reference Paragraphs 1 through 67 of the Complaint as though fully set forth herein and in support thereof further avers that:

73.    Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, brings this count on his own behalf and on behalf of all other persons entitled to recover damages for the wrongful death of Mary Ann Smith pursuant to the provisions of 42 Pa.C.S. § 8301.

74.    The following persons are or may be entitled by law to recover for the wrongful death of Mary Ann Smith:

(a)    Daniel Smith (husband) who resides at 115 Wilt Lane, P.O. Box 931, Duncansville, PA 16635;

(b)    Brandon McClain (son) who resides at Holy Angels, 6600 Wilkinson Boulevard, Belmont, NC 28012;

75.     Although Brandon McClain was an adult at the time of Mrs. Smith's passing, he was totally dependant upon his mother.  As a result of her death, he had to be institutionalized.

76.     During her lifetime, Mary Ann Smith did not commence any action to recover damages for the injuries which caused her death and no other actions have been filed to recover damages for the wrongful death of Mary Ann Smith.

77.     Defendant, at all relevant times was acting as an agent or employee of, and acting within the course and scope of his employment with Defendant United States of America and Annashae Corporation, as well as in his own right as a medical practicioner.

78.     Mary Ann Smith, as a direct and proximate cause of the care and treatment or lack thereof rendered by Defendant experienced an increased risk of injury and ultimately suffered a premature death as set forth herein.

79.     Defendant, by virtue of the acts and/or omissions as set forth herein was careless, reckless and negligent in failing to provide a reasonable and adequate standard of medical care to the decedent and was further negligent as set forth above and in any or all of the following particulars:

> (a)     in failing to rule out subarachanoid hemorrhage;
>
> (b)     in failing to appreciate or recognize the symptoms presented by Mary Ann Smith;
>
> (c)     in failing to order an immediate CT scan of Mary Ann Smith's brain on May 19, 2008;
>
> (d)     in failing to order a lumbar puncture;
>
> (e)     in failing to timely diagnose subarachanoid hemorrhage;
>
> (f)     in failing to timely perform or obtain the necessary diagnostic tests and neurological examinations; and

        (g)     in otherwise failing to use due care and caution under the circumstances.

80.     Mary Ann Smith's death was a direct and proximate result of the acts and/or omissions of Defendant.

81.     The persons entitled by law to recover damages for Mary Ann Smith's death have sustained the following damages:

        (a)     the cost of medical treatment, services, supplies, hospitalization, and all other medical costs incident to the treatment and subsequent death of Mary Ann Smith;

        (b)     the cost of funeral and burial expenses occasioned by the death of Mary Ann Smith;

        (c)     loss of the value of the services, assistance, comfort guidance, counseling, companionship, and society of Mary Ann Smith, past and future;

        (d)     loss of financial support and all pecuniary benefits which would have been contributed by decedent to the support of his family to the end of his life expectancy;

        (e)     the expenses of the administration of the Estate of Mary Ann Smith; and

        (f)     such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann Smith's wrongful death and $2.5 million for her personal injury.

## COUNT VI - SURVIVAL

## DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. MOHAMMAD N. DOWLUT, M.D.

82.     Plaintiff incorporates by reference Paragraphs 1 through 76 of the

Complaint as though fully set forth herein and in support thereof further avers that:

83.     As a direct and proximate result of the previously described negligent

conduct of the Defendant, Plaintiff, Daniel Smith, Personal Representative of the Estate

of Mary Ann Smith, seeks damages for which Defendant is liable pursuant to the

provisions of 42 Pa. C.S. § 8302 which include:

      (a)    the pain and suffering of Mary Ann Smith from the time she first presented to the VA Hospital on May 19, 2008 up to and including the time of her death;

      (b)    decedent's loss of earnings and/or earning potential during the balance of her life expectancy calculated from the date of her death and also loss of earnings between May 19, 2008 and the time of her death;

      (c)    hospital, surgical, and medical/pharmacy expenses incurred on her behalf; and

      (d)    such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of

Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional

limits.  More specifically, Plaintiff has made a claim for $30 million for Mary Ann

Smith's wrongful death and $2.5 million for her personal injury.

## COUNT VII - WRONGFUL DEATH

### DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. ROBERT D. SCOTT, M.D.

84.    Plaintiff incorporates by reference Paragraphs 1 through 78 of the Complaint as though fully set forth herein and in support thereof further avers that:

85.    Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, brings this count on his own behalf and on behalf of all other persons entitled to recover damages for the wrongful death of Mary Ann Smith pursuant to the provisions of 42 Pa.C.S. § 8301.

86.    The following persons are or may be entitled by law to recover for the wrongful death of Mary Ann Smith:

        (a)    Daniel Smith (husband) who resides at 115 Wilt Lane, P.O. Box 931, Duncansville, PA 16635;

        (b)    Brandon McClain (son) who resides at Holy Angels, 6600 Wilkinson Boulevard, Belmont, NC 28012;

87.    Although Brandon McClain was an adult at the time of Mrs. Smith's passing, he was totally dependant upon his mother. As a result of her death, he had to be institutionalized.

88.    During her lifetime, Mary Ann Smith did not commence any action to recover damages for the injuries which caused her death and no other actions have been filed to recover damages for the wrongful death of Mary Ann Smith.

89.    Defendant, at all relevant times was acting as an agent or employee of, and acting within the course and scope of his employment with Defendant United States of America and Annashae Corporation, as well as in his own right as a medical practicioner.

90.     Mary Ann Smith, as a direct and proximate cause of the care and treatment or lack thereof rendered by Defendant experienced an increased risk of injury and ultimately suffered a premature death as set forth herein.

91.     Defendant, by virtue of the acts and/or omissions as set forth herein was careless, reckless and negligent in failing to provide a reasonable and adequate standard of medical care to the decedent and was further negligent as set forth above and in any or all of the following particulars:

      (a)    in failing to rule out subarachanoid hemorrhage;

      (b)    in failing to appreciate or recognize the symptoms presented by Mary Ann Smith;

      (c)    in failing to order a lumbar puncture;

      (d)    in failing to timely diagnose subarachanoid hemorrhage;

      (e)    in failing to timely perform or obtain the necessary diagnostic tests and neurological examinations;

      (f)    in failing to appreciate the findings of the May 20, 2008 cervical spine x-ray of Mary Ann Smith; and

      (g)    in otherwise failing to use due care and caution under the circumstances.

92.     Mary Ann Smith's death was a direct and proximate result of the acts and/or omissions of Defendant.

93.     The persons entitled by law to recover damages for Mary Ann Smith's death have sustained the following damages:

      (a)    the cost of medical treatment, services, supplies, hospitalization, and all other medical costs incident to the treatment and subsequent death of Mary Ann Smith;

(b)     the cost of funeral and burial expenses occasioned by the death of
         Mary Ann Smith;

(c)     loss of the value of the services, assistance, comfort guidance,
         counseling, companionship, and society of Mary Ann Smith, past
         and future;

(d)     loss of financial support and all pecuniary benefits which would
         have been contributed by decedent to the support of his family to
         the end of his life expectancy;

(e)     the expenses of the administration of the Estate of Mary Ann
         Smith; and

(f)     such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of

Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional

limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann

Smith's wrongful death and $2.5 million for her personal injury.

## COUNT VIII - SURVIVAL

### DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. ROBERT D. SCOTT, M.D.

94.     Plaintiff incorporates by reference Paragraphs 1 through 87 of the

Complaint as though fully set forth herein and in support thereof further avers that:

95.     As a direct and proximate result of the previously described negligent

conduct of the Defendant, Plaintiff, Daniel Smith, Personal Representative of the Estate

of Mary Ann Smith, seeks damages for which Defendant is liable pursuant to the

provisions of 42 Pa. C.S. § 8302 which include:

(a)     the pain and suffering of Mary Ann Smith from the time she first
         presented to the VA Hospital on May 19, 2008 up to and including
         the time of her death;

(b)     decedent's loss of earnings and/or earning potential during the balance of her life expectancy calculated from the date of her death and also loss of earnings between May 19, 2008 and the time of her death;

(c)     hospital, surgical, and medical/pharmacy expenses incurred on her behalf; and

(d)     such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann Smith's wrongful death and $2.5 million for her personal injury.

## COUNT IX - WRONGFUL DEATH

## DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. ANNASHAE CORPORATION

96.     Plaintiff incorporates by reference Paragraphs 1 through 89 of the Complaint as though fully set forth herein and in support thereof further avers that:

97.     Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, brings this count on his own behalf and on behalf of all other persons entitled to recover damages for the wrongful death of Mary Ann Smith pursuant to the provisions of 42 Pa.C.S. § 8301.

98.     The following persons are or may be entitled by law to recover for the wrongful death of Mary Ann Smith:

(a)     Daniel Smith (husband) who resides at 115 Wilt Lane, P.O. Box 931, Duncansville, PA 16635;

(b)     Brandon McClain (son) who resides at Holy Angels, 6600 Wilkinson Boulevard, Belmont, NC 28012;

99.    Although Brandon McClain was an adult at the time of Mrs. Smith's passing, he was totally dependant upon his mother.  As a result of her death, he had to be institutionalized.

100.    During her lifetime, Mary Ann Smith did not commence any action to recover damages for the injuries which caused her death and no other actions have been filed to recover damages for the wrongful death of Mary Ann Smith.

101.    This Count is predicated on *respondeat superior* liability in this Defendant's role as the employer of Mohammad N. Dowlut, M.D. and Robert D. Scott, M.D.

102.    At all relevant times, the care and treatment provided by Dr. Dowlut and Dr. Scott was intimately associated with the Defendant such that this Defendant is liable for the actions and inactions of these medical practitioners.

103.    Mary Ann Smith, as a direct and proximate cause of the care and treatment or lack thereof rendered by Defendant experienced an increased risk of injury and ultimately suffered a premature death as set forth herein.

104.    Defendant, by virtue of the acts and/or omissions of its employees as set forth herein was careless, reckless and negligent in failing to provide a reasonable and adequate standard of medical care to the decedent and was further negligent as set forth above and in any or all of the following particulars:

    (a)    in failing to rule out subarachnoid hemorrhage;

    (b)    in failing to appreciate or recognize the symptoms presented by Mary Ann Smith;

    (c)    in failing to order an immediate CT scan of Mary Ann Smith's brain on May 19, 2008;

(d) in failing to order a lumbar puncture;

(e) in failing to timely diagnose subarachanoid hemorrhage;

(f) in failing to timely perform or obtain the necessary diagnostic tests and neurological examinations;

(i) in failing to appreciate the findings of the May 20, 2008 cervical spine x-ray of Mary Ann Smith; and

(j) in otherwise failing to use due care and caution under the circumstances.

105. Mary Ann Smith's death was a direct and proximate result of the acts and/or omissions of Defendant.

106. The persons entitled by law to recover damages for Mary Ann Smith's death have sustained the following damages:

(a) the cost of medical treatment, services, supplies, hospitalization, and all other medical costs incident to the treatment and subsequent death of Mary Ann Smith;

(b) the cost of funeral and burial expenses occasioned by the death of Mary Ann Smith;

(c) loss of the value of the services, assistance, comfort guidance, counseling, companionship, and society of Mary Ann Smith, past and future;

(d) loss of financial support and all pecuniary benefits which would have been contributed by decedent to the support of his family to the end of his life expectancy;

(e) the expenses of the administration of the Estate of Mary Ann Smith; and

(f) such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional

limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann

Smith's wrongful death and $2.5 million for her personal injury.

## COUNT X - SURVIVAL

### DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. ANNASHAE CORPORATION

107.     Plaintiff incorporates by reference Paragraphs 1 through 99 of the

Complaint as though fully set forth herein and in support thereof further avers that:

108.     As a direct and proximate result of the previously described negligent

conduct of the Defendant, Plaintiff, Daniel Smith, Personal Representative of the Estate

of Mary Ann Smith, seeks damages for which Defendant is liable pursuant to the

provisions of 42 Pa. C.S. § 8302 which include:

      (a)    the pain and suffering of Mary Ann Smith from the time she first presented to the VA Hospital on May 19, 2008 up to and including the time of her death;

      (b)    decedent's loss of earnings and/or earning potential during the balance of her life expectancy calculated from the date of her death and also loss of earnings between May 19, 2008 and the time of her death;

      (c)    hospital, surgical, and medical/pharmacy expenses incurred on her behalf; and

      (d)    such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of

Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional

limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann

Smith's wrongful death and $2.5 million for her personal injury.

## COUNT XI - WRONGFUL DEATH

### DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. MERCY MEDICAL IMAGING ASSOCIATES, P.C.

109.    Plaintiff incorporates by reference Paragraphs 1 through 101 of the Complaint as though fully set forth herein and in support thereof further avers that:

110.    Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, brings this count on his own behalf and on behalf of all other persons entitled to recover damages for the wrongful death of Mary Ann Smith pursuant to the provisions of 42 Pa.C.S. § 8301.

111.    The following persons are or may be entitled by law to recover for the wrongful death of Mary Ann Smith:

> (a)    Daniel Smith (husband) who resides at 115 Wilt Lane, P.O. Box 931, Duncansville, PA  16635;
>
> (b)    Brandon McClain (son) who resides at Holy Angels, 6600 Wilkinson Boulevard, Belmont, NC 28012;

112.    Although Brandon McClain was an adult at the time of Mrs. Smith's passing, he was totally dependant upon his mother.  As a result of her death, he had to be institutionalized.

113.    During her lifetime, Mary Ann Smith did not commence any action to recover damages for the injuries which caused her death and no other actions have been filed to recover damages for the wrongful death of Mary Ann Smith.

114.    This Count is predicated on *respondeat superior* liability in this Defendant's role as the employer of Scott D. Marlowe, M.D.

115.    At all relevant times, the care and treatment provided by Dr. Marlowe was intimately associated with the Defendant such that this Defendant is liable for the actions and inactions of these medical practitioners.

116.    Mary Ann Smith, as a direct and proximate cause of the care and treatment or lack thereof rendered by Defendant experienced an increased risk of injury and ultimately suffered a premature death as set forth herein.

117.    Defendant, by virtue of the acts and/or omissions of its employees as set forth herein was careless, reckless and negligent in failing to provide a reasonable and adequate standard of medical care to the decedent and was further negligent as set forth above and in any or all of the following particulars:

> (a)    in failing to timely diagnose subarachanoid hemorrhage;
>
> (b)    in misinterpreting and misreading the May 20, 2008 CT scan of Mary Ann Smith;
>
> (c)    in failing to comment on or recognize the evidence or abnormalities demonstrated on the May 20, 2008 CT scan of Mary Ann Smith; and
>
> (d)    in otherwise failing to use due care and caution under the circumstances.

118.    Mary Ann Smith's death was a direct and proximate result of the acts and/or omissions of Defendant.

119.    The persons entitled by law to recover damages for Mary Ann Smith's death have sustained the following damages:

> (a)    the cost of medical treatment, services, supplies, hospitalization, and all other medical costs incident to the treatment and subsequent death of Mary Ann Smith;
>
> (b)    the cost of funeral and burial expenses occasioned by the death of Mary Ann Smith;

(c)    loss of the value of the services, assistance, comfort guidance, counseling, companionship, and society of Mary Ann Smith, past and future;

(d)    loss of financial support and all pecuniary benefits which would have been contributed by decedent to the support of his family to the end of his life expectancy;

(e)    the expenses of the administration of the Estate of Mary Ann Smith; and

(f)    such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann Smith's wrongful death and $2.5 million for her personal injury.

## COUNT XII - SURVIVAL

## DANIEL SMITH, Personal Representative of the ESTATE OF MARY ANN SMITH V. MERCY MEDICAL IMAGING SERVICES ASSOCIATES, P.C.

120.    Plaintiff incorporates by reference Paragraphs 1 through 111 of the Complaint as though fully set forth herein and in support thereof further avers that:

121.    As a direct and proximate result of the previously described negligent conduct of the Defendant, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, seeks damages for which Defendant is liable pursuant to the provisions of 42 Pa. C.S. § 8302 which include:

(a)    the pain and suffering of Mary Ann Smith from the time she first presented to the VA Hospital on May 19, 2008 up to and including the time of her death;

(b)    decedent's loss of earnings and/or earning potential during the balance of her life expectancy calculated from the date of her death

and also loss of earnings between May 19, 2008 and the time of her death;

(c) hospital, surgical, and medical/pharmacy expenses incurred on her behalf; and

(d) such other losses and damages as are recoverable by law or statute.

WHEREFORE, Plaintiff, Daniel Smith, Personal Representative of the Estate of Mary Ann Smith, hereby seeks damages in an amount in excess of the jurisdictional limits. More specifically, Plaintiff has made a claim for $30 million for Mary Ann Smith's wrongful death and $2.5 million for her personal injury.

| Date: | PRIBANIC & PRIBANIC, L.L.C. |
|---|---|
| | Victor H. Pribanic<br>P.A. I.D. 30785<br>Sherie Painter Cannin<br>P.A. I.D. 92820<br>Robert A. Bracken<br>P.A. I.D. 206095<br>1735 Lincoln Way<br>White Oak, PA 15131<br>*Counsel for Plaintiff* |

**JURY TRIAL DEMANDED**

**DANIEL SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ANN SMITH AND DANIEL SMITH, INDIVIDUALLY V. UNITED STATES OF AMERICA, SCOTT D. MARLOWE, M.D., MOHAMMAD N. DOWLUT, M.D., ROBERT SCOTT, M.D., ANNASHAE CORPORATION AND MERCY MEDICAL IMAGING ASSOCIATES, P.C.**

### Certificate of Merit as to United States of America

Civil Action No. _____

I, Victor H. Pribanic, certify that:

☐ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(1));

*AND/OR*

☑ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(2));

*OR*

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant (1042.3(a)(3));

*OR*

☐ claims are raised under both subdivisions 1042.3(a)(1) and 1042.3(a)(2).

Date: 9·1·09

Victor H. Pribanic

**DANIEL SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF
MARY ANN SMITH AND DANIEL SMITH, INDIVIDUALLY V. UNITED
STATES OF AMERICA, SCOTT D. MARLOWE, M.D., MOHAMMAD N.
DOWLUT, M.D., ROBERT SCOTT, M.D., ANNASHAE CORPORATION AND
MERCY MEDICAL IMAGING ASSOCIATES, P.C.**

### Certificate of Merit as to Scott D. Marlowe, M.D.

Civil Action No. _____

I, Victor H. Pribanic, certify that:

☑ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(1));

*AND/OR*

☐ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(2));

*OR*

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant (1042.3(a)(3));

*OR*

☐ claims are raised under both subdivisions 1042.3(a)(1) and 1042.3(a)(2).

Date: **9-1-09**

_____
Victor H. Pribanic

**DANIEL SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF
MARY ANN SMITH AND DANIEL SMITH, INDIVIDUALLY V. UNITED
STATES OF AMERICA, MOHAMMAD N. DOWLUT, M.D., ROBERT SCOTT,
M.D., AND ANNASHAE CORPORATION**

### Certificate of Merit as to Mohammad N. Dowlut

Civil Action No. _____

I, Victor H. Pribanic, certify that:

☑ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(1));

*AND/OR*

☐ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(2));

*OR*

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant (1042.3(a)(3));

*OR*

☐ claims are raised under both subdivisions 1042.3(a)(1) and 1042.3(a)(2).

Date: __9-1-09__    _____
                     Victor H. Pribanic

**DANIEL SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ANN SMITH AND DANIEL SMITH, INDIVIDUALLY V. UNITED STATES OF AMERICA, MOHAMMAD N. DOWLUT, M.D., ROBERT SCOTT, M.D., AND ANNASHAE CORPORATION**

### Certificate of Merit as to Robert Scott, M.D.

Civil Action No. _____

I, Victor H. Pribanic, certify that:

☑ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(1));

*AND/OR*

☐ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(2));

*OR*

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant (1042.3(a)(3));

*OR*

☐ claims are raised under both subdivisions 1042.3(a)(1) and 1042.3(a)(2).

Date: 9-1-09

_____
Victor H. Pribanic

**DANIEL SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ANN SMITH AND DANIEL SMITH, INDIVIDUALLY V. UNITED STATES OF AMERICA, MOHAMMAD N. DOWLUT, M.D., ROBERT SCOTT, M.D., AND ANNASHAE CORPORATION**

### Certificate of Merit as to Annashae Corporation

Civil Action No. _____

I, Victor H. Pribanic, certify that:

☐ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(1));

*AND/OR*

☑ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(2));

*OR*

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant (1042.3(a)(3));

*OR*

☐ claims are raised under both subdivisions 1042.3(a)(1) and 1042.3(a)(2).

Date: _9-1-09_

Victor H. Pribanic

**DANIEL SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF
MARY ANN SMITH AND DANIEL SMITH, INDIVIDUALLY V. UNITED
STATES OF AMERICA, SCOTT D. MARLOWE, M.D., MOHAMMAD N.
DOWLUT, M.D., ROBERT SCOTT, M.D., ANNASHAE CORPORATION AND
MERCY MEDICAL IMAGING ASSOCIATES, P.C.**

**Certificate of Merit as to Mercy Medical Imaging Associates, P.C.**

Civil Action No. _____

I, Victor H. Pribanic, certify that:

☐   an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(1));

*AND/OR*

☑   the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(2));

*OR*

☐   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant (1042.3(a)(3));

*OR*

☐   claims are raised under both subdivisions 1042.3(a)(1) and 1042.3(a)(2).

Date: __9-1-09__               _____

                                  Victor H. Pribanic